IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALEX ADAMS, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 6:23-CV-00083-JCB |
| | § | |
| v. | § | |
| | § | |
| SGT UNKNOWN CALDWELL, OFFICER UNKNOWN WIEKEL, UNKNOWN OHALEYE, WARDEN UNKNOWN GARCIA, BOBBY LUMPKIN, | § § § § § | |
| | § | |
| Defendants. | | |

### REPORT AND RECOMMENDATION OF
### UNITED STATES MAGISTRATE JUDGE

Plaintiff Alex Adams, an inmate of the McConnell Unit of the Texas Department of Criminal Justice (TDCJ) proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights in prison. The case was referred to the undersigned for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Under 28 U.S.C. § 1915A, a court shall review, before docketing if feasible or in any event as soon as practicable after docketing, any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). Section 1915A applies regardless of whether the plaintiff has paid a filing fee or is proceeding IFP. *See Martin v. Scott*, 156 F.3d 578, 579 (5th Cir. 1998) ("The plain

1

language of [§ 1915A] . . . indicates that it applies to any suit by a prisoner regardless of whether that prisoner is or is not proceeding IFP.").

A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied). All well-pleaded facts are taken as true, but the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. 2012) (unpublished) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id.*

Even construing the allegations liberally, Plaintiff's complaint fails to state a claim. In order to state a plausible claim for relief, a pleading must contain (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing

2

that the pleader is entitled to relief," and (3) "a demand for the relief sought." Fed.R.Civ.P. 8. Plaintiff's complaint asserts a variety of conclusory allegations against Defendants. (Doc. No. 1.) He alleges that Sargeant Caldwell "assaulted" him with no further details. *Id.* at 3, 4. He similarly alleges that Officer Wiekel and Officer Ohaleye "harassed" him, that the conditions of confinement of the "S.O.S." are "in violation of prisoner civil rights," and "S.O.S. is brutal treatment." *Id.* Unrelated to these allegations against Defendants, Plaintiff further alleges that it takes too long to withdraw money and that the court has given him a hard time about filing fees, but that he has had no money at the time of filing. *Id.* at 4.

These threadbare allegations fail to allege any facts regarding a purported constitutional violation, and the utter dearth of facts alleged does not allow the court to even infer what claims Plaintiff may be intending to assert in this case. Plaintiff must meet the Rule 8 requirements, and he must do so with particularity, providing sufficient facts supporting his allegations. *See Twombly*, 550 U.S at 545 (interpreting Rule 8); *see also Iqbal*, 556 U.S. at 684–85 (applying *Twombly* generally to civil actions pleaded under Rule 8). Allegations that are implausible and unsupported by facts or evidence are insufficient to state a claim. *Id.* Plaintiff has failed to allege a factual basis for which the named Defendants could be sued pursuant to § 1983. *See Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("[t]o establish a cause of action under § 1983, [] a party must [] show that the defendant, while acting under color of law, deprived him of a right secured by the Constitution and laws of the United States") (internal quotations omitted).

Moreover, Plaintiff's only demand for relief is that Defendant Caldwell be criminally prosecuted for violating his rights. *Id.* at 4. But citizens do not have any constitutional right to have another individual disciplined or prosecuted, even when the parties involved are inmates and correctional officers. *Oliver v. Jackson Corr. Ctr.*, No. 3:12-CV-2660, 2013 WL 596155, at *3

3

(W.D. La. Jan. 22, 2013), *report and recommendation adopted*, No. 3:12-CV-2660, 2013 WL 596153 (W.D. La. Feb. 15, 2013) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and *United States v. Batchelder*, 442 U.S. 114, 124 (1979)); *see also Williams v. Washington*, No. 96 C 0704, 1997 WL 201579, at *3 (N.D. Ill. Apr. 16, 1997) ("Williams had no legal right to have the correctional officers punished, or to have an investigation conducted."). Accordingly, any claim premised on the failure to take some action necessary to facilitate such discipline or prosecution fails to state a claim for a constitutional violation, and this demand for relief is frivolous. As such, Plaintiff has failed to state a claim upon which relief can be granted and his claims should be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

## CONCLUSION

Having conducted screening pursuant to § 1915A, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Although a court should allow a pro se plaintiff every reasonable opportunity to amend his pleadings, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998), Section 1915A does not require that a plaintiff be given notice of an impending dismissal. Moreover, giving a plaintiff an opportunity to amend is not necessary if he has pleaded his "best case," such that an amended claim would remain frivolous. *See Norman v. Tex. Court of Criminal Appeals*, 582 F. App'x 430, 431 (Mem) (5th Cir. 2014) (unpublished); *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009).

As this is Plaintiff's fifteenth civil rights lawsuit filed in this court in the past three years,[1] Plaintiff has been repeatedly informed of the applicable pleading standards and the need to plead

---

[1] *See Adams v. Davis*, No. 6:20-cv-00011; *Adams v. Lumpkin*, No. 6:21-cv-00196; *Adams v. Beusch*, No. 6:21-cv-00334; *Adams v. Garcia*, No. 6:22-cv-00021; *Adams v. Lumpkin*, No. 6:22-cv-00032; *Adams v. Garcia*, No. 6:22-cv-00063; *Adams v. Robinson*, No. 6:22-cv-00078; *Adams v. Robinson*, No. 6:22-cv-00110; *Adams v. Lumpkin*, No. 6:22-cv-00111; *Adams v. Carvajal*, No. 6:22-cv-00165; *Adams v. Lumpkin et al*, No. 6:22-cv-177; *Adams v. OIG*, No. 6:22-cv-342; *Adams v. Human Resources et al*, No. 6:22-cv-363; *Adams v. Layton et al*, No. 6:22-cv-436.

specific facts to support his claims. *See*, *e.g.*, Order, *Adams v. Lumpkin*, No. 6:22-cv-00021 (E.D. Tex. Jan. 24, 2022) (ordering Plaintiff to file amended complaint to allege specific facts including defendants' personal involvement and any injury sustained); Order, *Adams v. Beusch*, No. 6:21-cv-00334 (E.D. Tex. Aug. 30, 2021) (same). Accordingly, the court presumes that Plaintiff has asserted his best case for the specific incidents alleged, and his allegations are clear and coherent. Any amendment of the complaint would be futile and would needlessly delay resolution of this action. Thus, for the reasons discussed herein, the court **RECOMMENDS** that this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as set forth herein.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 24th day of July, 2023.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE