UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:23-cv-00083

**Alex Adams,**
*Plaintiff,*

v.

**Sergeant Caldwell et al.,**
*Defendants.*

# ORDER

Plaintiff Alex Adams, an inmate at the Texas Department of Criminal Justice (TDCJ) McConnel Unit, proceeding pro se, filed this lawsuit alleging violations of his rights pursuant to 42 U.S.C. § 1983. This case was referred to United States Magistrate Judge John D. Love. On July 24, 2023, the magistrate judge issued a report recommending that this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). Doc. 7. Plaintiff filed objections to the report and recommendation. Doc. 8.

The court reviews the objected-to portions of a report and recommendation de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc). The court reviews all unobjected-to portions of the report and recommendation only for clear error or abuse of discretion. *See United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied,* 492 U.S. 918 (1989) (holding that, if no objections to a magistrate judge's report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law").

In his objections, plaintiff emphasizes that he is not a lawyer and provides additional details regarding his allegations. Plaintiff states that Sergeant Caldwell sprayed him "with five cans of spray" because plaintiff "had a razor." Doc. 8 at 1. Considering these facts as the basis for plaintiff's claim against Sergeant Caldwell, it appears

that plaintiff is attempting to assert an excessive use of force claim. "To prevail on an excessive force claim, a plaintiff must show '(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable.'" *Windham v. Harris Cnty.*, 875 F.3d 229, 242 (5th Cir. 2017) (quoting *Hamilton v. Kindred*, 845 F.3d 659, 662 (5th Cir. 2017)). Further, "[t]o state a claim for excessive use of force, the plaintiff's asserted injury must be more than de minimis." *Freeman v. Gore*, 483 F.3d 404, 416 (5th Cir. 2007). Here, plaintiff has not alleged any physical injury from the alleged use of force, and his claim is therefore without merit. *See Davis v. Cannon*, 91 F. App'x 327, 329 (5th Cir. 2004) (finding prisoner's excessive use of force claim based upon allegations of being thrown to the ground and pepper sprayed meritless because prisoner did not allege a physical injury).

Plaintiff asserts generally that he was put on S.O.S., not allowed mail, and starved. Doc. 8 at 1. As discussed in the magistrate judge's report and recommendation, these allegations are conclusory and fail to state a claim. Moreover, the allegations are undermined, in part, by plaintiff's further contention that two officers did in fact feed him. *Id.* at 1–2. Plaintiff's conclusory claim of sexual harassment similarly fails to allege details sufficient to entitle him to relief for the violation of a constitutional right.

Finally, plaintiff appears to generally allege that Bobby Lumpkin is aware of corruption at the Coffield Unit. These conclusory allegations of general awareness of the conditions of confinement at a different unit do not provide any detail that would be sufficient to state a claim against defendant Lumpkin. The court has reviewed the pleadings and filings in this case and agrees that the complaint should be dismissed with prejudice pursuant to § 1915A(b)(1) for failure to state a claim.

Accordingly, this case is dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of this action under § 1915A(b)(1) counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996) *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015).

Plaintiff is warned that if he accumulates three strikes, he will not be permitted to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g). All motions pending in this civil action are denied.

*So ordered by the court on October 10, 2023.*

J. CAMPBELL BARKER
United States District Judge